**Araksya Ter GHUKASYAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–70194.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Law Office of Aris Artounians, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. Therefore, the request for oral argument is denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Francisco, CA, Douglas E. Ginsburg, Lyle Jentzer, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Araksya Ter Ghukasyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order summarily affirming her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the IJ had reason to question Ter Ghukasyan's credibility and Ter Ghukasyan failed to produce non-duplicative, material, easily available corroborating evidence of her Jehovah's Witness baptism, and she did not provide a credible explanation for this failure. *See Sidhu v. INS*, 220 F.3d. 1085, 1092 (9th Cir.2000). Accordingly, Ter Ghukasyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the IJ's denial of Ter Ghukasyan's CAT claim because this claim is based on the same statements that the IJ found to be not credible, and Ter Ghukasyan points to no other evidence she claims the agency should have considered in making its CAT determination. *See id.* at 1157.

We reject Ter Ghukasyan's due process contention because she does not identify any error of law by the agency. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**